**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LAUIK P.H.,

Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; PETER BERG, *Director, St. Paul Field Office, Immigration and Customs Enforcement*; SAMUEL J. OLSON, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement*; JOEL BROTT, *Sheriff of Sherburne County Jail, Minnesota, Custodian of detainees at the Sherburne County Jail*;

Respondents.

No. 26-cv-666 (KMM/SGE)

**ORDER**

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Lauik P.H. ("Lauik PH" or "Petitioner"). (Dkt. 2.) For the reasons that follow, the petition is granted.

## BACKGROUND

Lauik PH is a citizen of Haiti who entered the United States on February 10, 2023, pursuant to a grant of humanitarian parole under the Haitian Humanitarian Parole (HHP) program, a U.S. government initiative providing temporary protected status to certain Haitian nationals. (Dkt. 2 ¶ 1.) His entrance to the U.S. under the HHP parole program was

valid through February 25, 2025. (*Id.* ¶ 2.) Lauik PH has a pending application for asylum, a valid work permit, and no criminal history. (*Id.* ¶ 4.) He has resided peacefully in Minnesota for the past three years and developed strong ties to the community. (*Id.* ¶ 5.)

However, on December 26, 2025, Immigration and Customs Enforcement (ICE) agents arrested Lauik PH. (*Id.* ¶ 6.) When he filed his petition, he was detained at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 34.) Petitioner claims that Respondents are subjecting him to mandatory detention in violation of federal immigration law. (*See* Dkt. 9.) Respondents assert that Lauik PH is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) because is an "arriving alien," within the meaning of § 1225(b)(1)(A)(ii), who has requested asylum. (Dkt. 6 at 3–4.) Alternatively, Respondents contend that he is subject to mandatory detention under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission" by virtue of his asylum application. (*Id.* at 4–6.)

## DISCUSSION

Very recently, in a factually similar case involving another noncitizen who was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), and then arrested by ICE after his parole expired, this Court rejected precisely the same arguments raised by Respondents in this case. *Bahir K.A. v. Klang*, No. 25-cv-4559 (KMM/DJF), Dkt. 25 at 3–16 (D. Minn. Feb. 17, 2026). Rather than repeat that analysis in full, the Court incorporates it by reference here. In sum, the Court finds that Lauik PH is not an "arriving alien" within the meaning of § 1225(b)(1)(A)(ii), and is therefore not subject to the expedited removal procedures applicable under that section. Nor is he subject to such expedited removal

procedures by virtue of § 1225(b)(1)(A)(iii)(II) because that provision only applies to an alien "who has not been admitted or paroled," and although his parole expired, there is no dispute that Lauik PH was paroled into the United States. The mandatory detention provision of § 1225(b)(1)(B)(ii) only applies to aliens referred for asylum interviews under expedited removal procedures pursuant to § 1225(b)(1)(A)(ii). Lauik PH does not fit within that category and, therefore, is not subject to mandatory detention under § 1225(b)(1)(B)(ii). *Bashir K.A.*, Dkt. 25 at 9–15; *id.* at 15 (citing *Martinez Gamez v. Easterwood*, No. 4:26CV3009, 2026 WL 295400, at *4 (D. Neb. Feb. 4, 2026); *Coal. For Humane Immigr. Rts. v. Noem*, No. 25-cv-872 (JMC), 2025 WL 2192986, at *22–27 (D.D.C. Aug. 1, 2025); *Rodriguez v. Rokosky*, Civil Action No. 25-17419 (CPO), 2025 WL 3485628 (D.N.J. Dec. 3, 2025); *Vazquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294 (E.D. Mich. Oct. 29, 2025)).

The Court also rejects Respondents' argument that Lauik PH's application for asylum means that he is an "applicant for admission" who is "seeking admission" into the United States and is, therefore, subject to mandatory detention under § 1225(b)(2)(A). The Court again incorporates by reference its recent analysis in *Bashir K.A.* and finds Respondents' argument unpersuasive. No. 25-cv-4559 (KMM/DJF), Dkt. 25 at 15–16. Specifically, the fact that Lauik PH has applied for asylum does not support mandatory detention under § 1225(b)(2). *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026) (explaining that "several courts have determined that asylum applications filed in like circumstances do not change the

outcome.") (collecting cases); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 n.7 (S.D.N.Y. 2025) ("To the extent that Respondents might point to [petitioner's] asylum application to argue that he continues to 'seek' something, what he seeks is not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to remain here.") (emphasis in original); *Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *3 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom. Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012 (D. Minn. Dec. 29, 2025). Accordingly, the Court finds that Lauik PH is not subject to mandatory detention under § 1225(b)(2).

Finally, the Court concludes that immediate release is appropriate in this case. Because Lauik PH is not properly detained under § 1225(b), his detention must be authorized, if at all under § 1226(a).[1] Respondents have not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's recent arrest, nor has the government produced one to the Court. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M.*, 2026 WL 25627, at *3. The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a), and where none is provided, immediate release is an appropriate remedy. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). That is the proper remedy here, where Lauik PH is not subject to mandatory detention under § 1225(b)(1) or § 1225(b)(2), and Respondents have provided no evidence that he was arrested based on a warrant.

[1] Respondents do not suggest, and there is no evidence to support a finding, that Bashir is subject to detention under § 1226(c).

# ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Lauik PH's Petition for a Writ of Habeas Corpus (Dkt. 2) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner, **subject only to any conditions in place prior to his arrest and no later than 5:00 p.m. on February 19, 2026**.

4. Upon his release, Respondents must return **all of Petitioner's personal effects seized as a result of his arrest, including but not limited to immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 18, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge